UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No. 08-80158-CIV-MIDDLEBROOKS/JOHNSON

3700 ASSOCIATES, LLC, a Delaware limited
liability company,

        Plaintiff,

vs.

TIM GRIFFIN, SR., an individual, and
GRIFFIN IT MEDIA, INC., a Florida
Corporation,

        Defendants.
_____/

## ORDER

  THIS CAUSE comes before the Court upon Defendants' Motion to Dismiss Pursuant to Rule 12(b)(6) and For Sanctions Pursuant to Rule 11(DE 8), filed on April 2, 2008, respectively, and Plaintiff's Unopposed Motion to Modify Scheduling Order and Extend Remaining Pretrial Dates and Date of Trial (DE 23), filed on July 10, 2008. I have reviewed the motions and the file in this case.

  This is an action for trademark infringement, unfair competition, and cybersquatting under the Lanham Act and state common law. In their motion to dismiss and for sanctions, Defendants state that they are seeking dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6). However, despite this assertion, their motion contains a lengthy discussion of facts not alleged in the Complaint and citations to numerous attached documents. Additionally, Defendants repeatedly argue that the undisputed facts show that Plaintiff will not be able to win on its claims. In response, Plaintiff points out that Defendants made arguments that went far beyond the four corners of the Complaint, and argue that the Court should not consider the attached documents and any arguments referring to the documents. Defendants do nothing to address this issue in their reply. Federal Rule of Civil Procedure 12(d) states that "If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56. All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion." As the Court finds that the most expeditious way of addressing this issue would be to convert Defendants' motion into one for summary judgment, it will do so and will give Plaintiff an opportunity to respond with its evidence.

1

In the motion to modify the scheduling order, Plaintiff requests an additional 90 days on all of the remaining deadlines established in the Pretrial Scheduling Order (DE 18), including the deadline for filing dispositive motions which is on August 4, 2008. The Pretrial Scheduling Order states that the "schedule shall not be modified absent compelling circumstances." Plaintiff asserts that compelling circumstances exist here. First, Plaintiff states that its lender foreclosed on its loan and it is now in receivership and needs an additional 90 days to put business operations in place and properly prepare for trial. Second, Plaintiff asserts that because Defendants' motion to dismiss is still pending, it does unsure of how to proceed with the filing of a summary judgment motion. The Court does not find these reasons to be compelling and will deny the request to extend all deadlines by 90 days.

Accordingly, it is hereby

ORDERED AND ADJUDGED that a ruling on Defendants' Motion to Dismiss Pursuant to Rule 12(b)(6) and For Sanctions Pursuant to Rule 11(DE 8) will be DEFERRED until it has been fully briefed as a summary judgment motion. **Plaintiff shall, by 5 p.m. on August 15, 2008, file its response to Defendants' converted summary judgment motion.** It is further

ORDERED AND ADJUDGED that Plaintiff's Unopposed Motion to Modify Scheduling Order and Extend Remaining Pretrial Dates and Date of Trial (DE 23) is DENIED.

DONE and ORDERED in Chambers in West Palm Beach, Florida, this 31 day of August, 2008.

DONALD M. MIDDLEBROOKS
UNITED STATES DISTRICT JUDGE

Copies to counsel of record