UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No.08-80158-CIV-MIDDLEBROOKS/JOHNSON

3700 ASSOCIATES, LLC, a Delaware limited
liability company,

        Plaintiff,

vs.

TIM GRIFFIN, SR., an individual, and
GRIFFIN IT MEDIA, INC., a Florida
Corporation,

        Defendants.
_____/

## ORDER DENYING DEFENDANTS' MOTION TO STRIKE BRADLEY DECLARATION, DENYING DEFENDANTS' MOTION TO QUASH SUBPOENAS, AND DENYING IN PART, GRANTING IN PART PLAINTIFF'S MOTION TO COMPEL

THIS CAUSE comes before the Court upon various motions filed by the parties. These motions include Defendants' Motion to Strike Declaration of Candace Bradley in connection with Plaintiff's Opposition to Motion for Summary Judgment (DE 33); Defendants' Motion to Quash Subpoenas and for a Protective Order (DE 35); and Plaintiff's Motion to Compel Better Responses to Interrogatories (DE 37). I have reviewed the Motion and the file in this case.

### i. Background

This is an action for trademark infringement, unfair competition, and cybersquatting under the Lanham Act and state common law. The dispute arises over Defendants' registration and use of the Internet domain name "cosmopolitanresort.com" (the "Domain Name"), which occurred on or about August 15, 2003. Corporate Plaintiff, owner and builder of The Cosmopolitan Resort & Casino in Las Vegas, Nevada, states that since as early as February 2005, it continuously has used the

1

COSMOPOLITAN mark (including the COSMOPOLITAN word mark and COSMOPOLITAN logo marks)[1] in advertising and marketing materials to promote its goods and services. The "THE COSMOPOLITAN RESORT & CASINO" name and logo are service marks owned by Plaintiff and registered on the Principal Register of the United States Patent and Trademark Office.[2] Plaintiff asserts that Defendants' use of the Domain Name as a directory website containing advertising links to other websites in direct competition with Plaintiff violates Plaintiff's rights in its COSMOPOLITAN Marks and the goodwill it has developed therein.

### ii. Defendants' Motion to Strike Declaration of Candace Bradley (DE 33)

Defendants' Motion to Strike the Declaration of Candace Bradley, a corporate representative of Plaintiff,[3] is denied for two reasons. First, Defendants request that the testimony be stricken in connection with Plaintiff's Opposition to Motion for Summary Judgment. As I previously have ruled on the issue of summary judgment, Defendants' Motion to Strike is moot. Second, Ms. Bradley, as a corporate representative, is an agent of Plaintiff, and thus, her testimony properly can be considered.

### iii. Defendants' Motion to Quash Subpoenas and for a Protective Order (DE 35)

Defendants also move the Court to quash eight subpoenas *duce tecum* served upon non-party Oversee Domain Management, LLC ("Oversee"). Defendants assert that the subpoenas substantively are identical and seek production of the same documents, but were served upon Oversee using four different business trade names in two different locations. In support of their Motion to Quash,

---

[1] Collectively, "the COSMOPOLITAN Marks" or "the Marks."

[2] Plaintiff states that it has registered THE COSMOPOLITAN RESORT & CASINO for real estate services featuring condominiums and THE COSMOPOLITAN RESORT CASINO (and design) for real estate services featuring condominiums, among others. Plaintiff also asserts that it has "several federal trademark applications pending" to register other "COSMOPOLITAN" Marks.

[3] Ms. Bradley's position is stated as "Executive Assistant to Nathan K. Hong, Chief Development Officer of the Cosmopolitan Resort & Casino, a subsidiary of 3700 Associates." *See* Plaintiff's Response in Opposition to Motion to Dismiss (DE 29), Exhibit 1, ¶ 2.

Defendants state that Oversee formally objected to the subpoenas,[4] the subpoenas were issued nearly six weeks after the close of discovery, the information is duplicative of prior subpoenas, and unduly burdensome. *See* Defendants' Memorandum in Support of Motion to Quash Subpoenas, pp. 1-2. In response, Plaintiff acknowledges that the subpoenas to Oversee were served after the discovery deadline but attributes this to Defendants' delay in responding to discovery and scheduling Defendant Griffin's deposition. *See* Plaintiff's Response in Opposition to Defendants' Motion to Quash (DE 42), pp. 1-2. I note that Discovery in this case closed on July 21, 2008, and this issue is presented before the Court in September. However, Plaintiff timely served Discovery with requests for written discovery, and Defendants responses were due on July 14, 2008. Due to a death in Defendant Griffin's family, Plaintiff agreed to allow Defendants an additional three weeks, until August 4, 2008, to respond. Defendants eventually responded on August 10, 2008, and Defendant Griffin, on behalf of Corporate Defendant GIT Media, was deposed on August 13, 2008.[5] The need to subpoena Oversee apparently arose from details acquired from Defendant Griffin's deposition. Although I question how valuable information gleaned from the Oversee subpoenas will be, it may be relevant insofar as it is probative of the "in commerce" and consumer confusion elements of the claims. The request does not seem unduly burdensome; Defendant Griffin testified that the information is in electronic format and would take only twenty-four hours to produce. *See* Dep. Tr. Tim Griffin at 196: 20-22; 236: 25 - 237:5; 274: 13-19 (cited in Plaintiff's Opposition to Motion to Quash, p. 2). At the same time, I agree with Defendants that the subpoenas are duplicative. I see no reason why the information acquired from one of the Florida companies doing business as Oversee Domain

---

[4] Plaintiff notes that Oversee objected seemingly based on Defendants' letter informing Oversee that the subpoenas were invalid.

[5] Per an order dated August 11, 2008, I denied Defendants' earlier Motion for Protective Order (DE 25) and required Corporate Defendant to be produced for deposition.

Management, LLC, would not sufficiently and completely respond to Plaintiff's subpoenas. Therefore, I will deny Defendants' Motion to Quash, but require Oversee Domain Management, LLC to respond to only one subpoena by Tuesday, October 14, 2008.

In the same motion, Defendants request a protective order. This request is denied. Defendants have not made a showing of good cause nor certified that they made a good-faith effort or attempt to settle the matter without the court, as required by FED.R.CIV.P. Rule 26(c)(1).

### iv. Plaintiff's Motion to Compel Better Responses to Interrogatories and Request for Production of Documents (DE 37)

Plaintiff filed a motion to compel Defendants to respond completely to Interrogatories numbered 2, 3, 13, and 18, and to require Defendants to produce documentation in response to Request Numbers 15 and 16. Defendants objected based on untimeliness and relevance grounds. I find that Interrogatories 2, 3, and 18 are not relevant because they pertain to the cybersquatting claim, which has been dismissed.[6] In their Motion to Compel, Plaintiff does not provide any reasons why the information sought in Interrogatory No. 13 is relevant.[7] I fail to see the relevance of the information and, accordingly, will deny Plaintiff's Motion to Compel with respect to that

---

[6] Interrogatory No. 2 asked Defendants to: "List every domain name [they] have registered from the date of incorporation to the present date, and identify the date of registration and state whether [they] still own the registration." Interrogatory No. 3 asked Defendants to: "[L]ist every domain name for which [they] have received any monetary compensation over and above the price [they] paid for the registration, and include the identity of the person from whom [they] received the compensation, the total monetary amount received by [them] for the domain name, and the date the transfer occurred." Interrogatory No. 18 asked Defendant Griffin to: "Identify each lawsuit or dispute, including jurisdiction filed and case number, involving allegations of trademark infringement, trademark dilution, unfair competition, cybersquatting, or any business tort of any kind in which [he has] been involved or of which [he] has been notified."

[7] Interrogatory No. 13 asks Defendant Griffin to: "Identify all communications [he] ha[s] had with third parties (excluding [his] attorneys in this lawsuit) regarding the present lawsuit or the Nevada lawsuit, including the identity of the third party, the date of the communication, and the substance and/or subject matter of the communication."

4

interrogatory. Further, the documents sought in Request No. 15 are not relevant because they arguably pertain to the cybersquatting claim.[8] In its Responses to Plaintiff's First Requests for Production, dated August 10, 2008, Defendants indicated that they would produce documents responsive to Request No. 16.[9] If Defendants have not yet produced those documents, they are ordered to do so by Friday, October 10, 2008.

### v. Conclusion

Accordingly, it is hereby

ORDERED AND ADJUDGED that:

(1) Defendant's Motion to Strike Declaration of Candace Bradley (DE 33) is DENIED AS MOOT;

(2) Defendants' Motion to Quash Subpoenas and for a Protective Order (DE 35) is DENIED, but limited as specified in Section iii of this Order; and

(3) Plaintiff's Motion to Compel Better Responses to Interrogatories (DE 37) is DENIED with respect to Interrogatories 2, 3, 13 and 18; DENIED with respect to Request No. 15, and GRANTED with respect to Request No. 16. If Defendants have not yet complied with Request No. 16, they are ordered to do so by Friday, October 10, 2008.

DONE AND ORDERED in Chambers at West Palm Beach, FL, this 7 day of October, 2008.

DONALD M. MIDDLEBROOKS
UNITED STATES DISTRICT JUDGE

Copies furnished to counsel of record.

---

[8] Request No. 15 seeks "all documents in which [Defendants] were accused of trademark infringement, trademark dilution, unfair competition, cybersquatting, or any business tort of any kind, including, but not limited to, letters and complaints."

[9] Request No. 16 requests "all documents that reflect, refer or related to [Defendants'] registration of, or acquisition of, the <cosmopolitanresort.com> domain name."